UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20731-KMM

UNITED STATES OF AMERICA,

v.

LEONARDO ANCHICO JIMENEZ,

    **Defendant.**
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C § 3582(c)(2)

The United States does not oppose Defendant Leonardo Anchico Jimenez's motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 821's reduction for certain "status-point" offenders (DE 77). However, the Court may not "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The amended guideline range is 188 to 235 months' imprisonment. The United States believes that a 188-month sentence is supported by the 18 U.S.C. § 3553(a) factors.

### BACKGROUND

In 2019, the United States Coast Guard caught the Defendant and his co-defendants aboard a vessel with 1,140 kilograms of cocaine (DE 56 ("PSI") ¶¶ 8–11). The Defendant pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) (DE 29; DE 31).

At sentencing, Probation calculated a total offense level of 37, including a two-level enhancement for using a semi-submersible vehicle (PSI ¶¶ 20, 28). Probation computed a criminal history category of III, consisting of three points for the Defendant's 2005 cocaine-smuggling

conviction and two "status points" because the Defendant was on supervised release at the time of the instant offense (*id.* ¶¶ 31–32). The resulting guideline range was 262-327 months' imprisonment (*id.* ¶ 57).

The Court disagreed with Probation, finding the two-level enhancement for using a semi-submersible vehicle did not apply (Statement of Reasons at 1). With a total offense level of 35 and criminal history category of III, the guideline range became 210 to 262 months' imprisonment (*id.*). The Court sentenced the Defendant to the bottom of the range, 210 months' imprisonment (DE 63 at 2).

The Defendant is currently serving his sentence at Fort Dix FCI, with an anticipated release date of January 18, 2036 (*see* https://www.bop.gov/inmateloc/).

## LEGAL STANDARD

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences cannot be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Essentially, the statute created a two-step inquiry. *See Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine if the defendant is eligible for relief. *Id*. at 826–27. The statute authorizes relief only if a retroactive amendment to the sentencing guidelines lowered the defendant's guideline range *and* relief is consistent with applicable policy statements. *Id*. Importantly, the applicable policy statement here sets a floor—a court cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the

minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010) ("Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized.").[1]

Second, if a defendant is eligible for relief, the court must consider the § 3553(a) factors,[2] *id*. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

If a defendant is eligible for relief and the § 3553(a) factors weight in favor of a reduced sentence, the court should issue an order reducing the defendant's sentence to one within the amended guideline range. But, although the amendment went into effect on November 1, 2023, the Sentencing Commission has determined that any order reducing a defendant's sentence cannot have an effective date prior to February 1, 2024. *See* U.S.S.G. § 1B1.10(e)(2) (effective November 1, 2023).[3] "A reduction based on the retroactive application of Part A or Part B, Subpart 1 of Amendment 821 that does not comply with the requirement that the order take effect no earlier than February 1, 2024, is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10, cmt. n. 7.

---

[1] There is one exception, not applicable here, for cases where the government filed a motion for substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B).

[2] The 18 U.S.C. § 3553(a) factors that the court must consider in ruling on a defendant's § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants; (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

[3] If a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under the new amendment.

## ARGUMENT

The Defendant is eligible for relief under Amendment 821 because the amendment reduced his guideline range. Part A of Amendment 821, the "status-points" provision, made status points applicable only to defendants with seven or more criminal history points (before assessing status points), and halved the number of status points assessed. U.S.S.G. § 4A1.1(e). The Defendant had less than seven criminal history points—only three when setting the two status points aside (PSI ¶¶ 31–32). As such, the Defendant is no longer subject to status points, reducing his criminal history category from III to II. With a total offense level of 35 and criminal history category of II, the Defendant's amended guideline range is 188 to 235 months' imprisonment.

The § 3553(a) factors weigh in favor of a 188-month sentence. The Court originally sentenced the Defendant to the bottom of his guideline range, which was 210 months' imprisonment (Statement of Reasons at 1; DE 63 at 2). A low-end sentence was appropriate due to the lack of aggravating factors. That remains true. Additionally, a 188-month sentence would avoid an unwarranted sentencing disparity with Co-Defendant Hevert Julian Godoy Benalcazar. Like the Defendant, Co-Defendant Benalcazar had a total offense level of 35, criminal history category of II, guideline range of 188 to 235 months' imprisonment, and a prior cocaine-smuggling conviction (Benalcazar Statement of Reasons at 1; DE 55 ¶ 31). The Court sentenced Co-Defendant Benalcazar to 188 months' imprisonment (DE 62 at 2). Accordingly, a 188-month sentence here would be sufficient, but not greater than necessary, to achieve the goals of sentencing under § 3553(a).

## CONCLUSION

For the reasons above, the United States does not oppose a sentence reduction to the bottom of the Defendant's amended guideline range of 188 months' imprisonment.

                                  Respectfully submitted,

                                  MARKENZY LAPOINTE
                                UNITED STATES ATTORNEY

By: _____
        Michael Brenner
        Assistant United States Attorney
        Florida Bar No. 1011238
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9052
        Email: Michael.Brenner@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day I electronically filed the foregoing document and its attachment with the Clerk of the Court using CM/ECF. The document and its attachment will be sent by United States Mail to *pro se* Defendant Leonardo Anchico Jimenez, #48161-018, Fort Dix FCI, Mail/Parcels PO Box 2000, Joint Base MDL, Fort Dix, NJ 08640.

Michael Brenner
Assistant United States Attorney